IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ZAKIYEH HASSANZADEH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-cv-00427 (IDD) |
| | ) | |
| WHOLE FOODS MARKET GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

This matter is before the Court on Defendant Whole Foods Market Group, Inc.'s Motion for Summary Judgment. For the reasons stated below, the Court has granted Defendant's Motion.

### I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), a party may move the court for summary judgment on any claim or defense, and the court shall grant the motion and enter judgment as a matter of law where the moving party has demonstrated that "there is no genuine dispute as to any material fact" in the case. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1985). The governing substantive law will determine which facts are material, and a fact will be material if a dispute as to that fact affects the outcome of the suit. *Id.* When ruling on a summary judgment motion, this Court must view the facts in the light most favorable to the nonmoving party. *Colgan Air Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007). Furthermore, the moving party must support its motion for summary judgment by citing to

1

pleadings and discovery documents that show through their contents "the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed. R. Civ. P. 56(c)(1)(A)(B). The court may also consider other materials not in the record. *Id.* at 56(c)(3).

## II.  PROCEDURAL HISTORY

On February 13, 2015, Zakiyeh Hassanzadeh filed a Complaint in the Circuit Court for Fairfax County, Virginia, bringing a claim against Whole Foods Market Group, Inc. for negligent maintenance of premises. (Dkt. No. 1-3.) Defendant Whole Foods Market Group, Inc. was served on March 5, 2015 and filed an answer on March 25, 2015. (Dkt. No. 1.) On March 31, 2015, Defendant removed the matter to this Court, stating that the matter is removeable under 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. (Dkt. No. 1.)

On August 25, 2015, the Honorable T.S. Ellis III ordered that this case be reassigned to the undersigned Magistrate Judge per the parties' request. (Dkt. No. 22.) Discovery in this matter ended on August 31, 2015. (Dkt. Nos. 9, 10, 13.) On September 10, 2015, Defendant filed its Motion for Summary Judgment. (Dkt. No. 23.) This Court granted the parties' Joint Motion to Extend Briefing Deadlines on September 18, 2015. (Dkt. No. 27.) Pursuant to that Order, Defendant filed a supplemental memorandum in support of its Motion on September 22, 2015, (Dkt. No. 28), and Plaintiff filed her Opposition on October 2, 2015 (Dkt. No. 32.) Defendant filed its Reply on October 6, 2015. (Dkt. No. 34.) This Court held a hearing on Defendant's Motion on November 20, 2015. (Dkt. No. 36.) After hearing argument from each party, the undersigned granted Defendant's Motion for Summary Judgment. (*Id.*)

### III. UNCONTESTED FACTS

The following facts are undisputed by the parties based on a reading of the pleadings and the briefs in support and in opposition of Defendant Whole Foods Market Group, Inc.'s Motion for Summary Judgment.[1] Whole Foods operates a grocery store in Vienna, Virginia which includes a prepared food section where customers may serve themselves soup and salads. (Dkt. No. 24 at 2.) On June 13, 2013, Ms. Hassanzadeh and her husband went to the store sometime before noon. (*Id.*) While walking in the prepared food section, Ms. Hassanzadeh fell. (*Id.*) Ms. Hassanzadeh does not remember how she fell. (*Id.*) Ms. Hassanzadeh's husband did not see her fall, and neither Ms. Hassanzadeh nor her husband saw any substance on the floor around where she fell. (*Id.* at 2–3.) Neither Ms. Hassanzadeh nor her husband knows how she fell. (*Id.*) A video of the fall shows that Ms. Hassanzadeh fell shortly after noon. (*Id.* at 4.) However, the video shows only Ms. Hassanzadeh's upper body and does not show the floor where Ms. Hassanzadeh fell or Ms. Hassanzadeh's legs. (*Id.*)

The only witness to provide information about the soup on the floor was Ted Welch. (*Id.*) Mr. Welch had just entered the prepared food section of Whole Foods when Ms. Hassanzadeh fell. (Dkt. No. 28 at 1.) After Ms. Hassanzadeh fell, Mr. Welch went to tend to her and noticed a smear of soup on the floor, which looked like it had been stepped in. (*Id.* at 2.) The smear of soup was approximately the size of a lid for a large coffee cup. (*Id.*) Mr. Welch does not know how the soup came to be on the floor or how long the soup had been on the floor. (*Id.*)

---

[1] In Defendant Whole Foods Market Group, Inc's Memorandum in Support of its Motion for Summary Judgment, Defendant includes a statement of undisputed facts. (Dkt. No. 24 at 2–4.) Defendant also filed a Supplemental Memorandum with a supplemental statement of undisputed facts. (Dkt. No. 28 at 1–2.) Plaintiff's responsive pleadings do not include a specifically captioned section listing material facts which are at issue. Pursuant to Local Civil Rule 56, "the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." E.D. Va. Loc. Civ. R. 56(B). Defendant's Reply Memorandum in Support of its Motion for Summary Judgment highlights this deficiency. (Dkt. No. 34 at 1.) Although Plaintiff is represented by counsel, Plaintiff did not offer a statement of disputed facts either by filing or orally when asked at the hearing on the matter. Therefore, the undisputed facts are those listed in Defendant's statements.

3

Mr. Welch also does not know whether Whole Foods was aware that there was soup on the floor. (*Id.*) Mr. Welch assumes that the soup had been on the floor for a very short period of time.[2] (*Id.*)

Whole Foods keeps detailed maintenance logs. (Dkt. No. 24 at 4.) Employees are tasked with inspecting the prepared food section on a regular basis. (*Id.*) After an employee inspects an area, he scans a badge, which records the time the inspection was completed. (*Id.*) Defendant's maintenance records state that an employee inspected the prepared food section of the store at 11:48 a.m. (before Ms. Hassanzadeh's fall) and at 12:15 p.m. (after Ms. Hassanzadeh's fall). (*Id.*) Both inspections found the floor to be clear. (*Id.*)

## IV. DISCUSSION

### A. Applicable Law

Under Virginia law,[3] "[t]he rules applicable to slip-and-fall cases are well settled." *Winn-Dixie Stores, Inc. v. Parker*, 396 S.E.2d 649, 650 (1990). Store owners owe customers the duty to exercise ordinary care. *Id.* (quoting *Colonial Stores v. Pulley*, 125 S.E.2d 188, 190 (1962)). Store owners must keep the premises in a reasonably safe condition; remove, within a reasonable time, foreign objects from store floors which it placed there or which it knew or should have known that others placed there; and warn customers of unsafe conditions that are unknown to the customers but that are known, or should be known, to the store owners. *Id.* (quoting *Colonial Stores*, 125 S.E.2d at 190).

When a store owner creates an unsafe condition, a foreseeability standard applies. *Memco Stores, Inc. v. Yeatman*, 348 S.E.2d 228, 231 (Va. 1986) (Where Defendant creates the

---

[2] In his deposition, Mr. Welch stated that, "given the number of people in the store, it seemed unlikely...that that soup could have been on the floor for very long without it being tracked all over the place." (Dkt. No. 28-1 at 23.)
[3] In this diversity action, the choice of law principles of the forum state, Virginia, govern. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Virginia law, the place of injury supplies the governing law in tort actions. *C.I.T. Corp. v. Guy*, 195 S.E.2d 659, 663 (Va. 1938); *Airlines Reporting Corp. v. Pishvaian*, 155 F. Supp. 2d 659, 633 n.9 (E.D. Va. 2001). Here, Plaintiff was injured in Virginia. Therefore, Virginia law applies.

condition,"[i]f an ordinarily prudent person, given the facts and circumstances [Defendant] knew or should have known, could have foreseen the risk of danger resulting from such circumstances, [Defendant] had a duty to exercise reasonable care to avoid the genesis of the danger."). Stated differently, when the store owner affirmatively creates the unsafe condition, the store owner is "charged with constructive knowledge of the risk because it 'had a duty to exercise reasonable care to avoid the genesis of the danger.'" *Austin v. Shoney's*, 486 S.E.2d 285, 288 (Va. 1997) (quoting *Yeatman*, 348 S.E.2d at 231).

However, when someone other than the store owner creates the unsafe condition, a plaintiff can prevail only if she can show that the store owner had actual or constructive notice of the condition. *Winn-Dixie*, 396 S.E.2d at 651. A store owner has constructive notice where the unsafe condition exists long enough that the store owner should know of its existence in time to remove or warn patrons of the condition. *Ashby v. Faison & Assocs., Inc.*, 440 S.E.2d 603, 605 (Va. 1994). To prevail on a theory of constructive notice, the plaintiff must show how long the unsafe condition was in place. *See Winn-Dixie*, 396 S.E.2d at 651. Where there is no showing of the length of time the condition was in place, "[i]t is just as logical to assume that it was placed on the floor an instant before [the accident] as to infer that it had been there long enough that [Defendant] should, in the exercise of reasonable care, have known about it." *Id.*

### B. Analysis

In its Memorandum in Support of its Motion for Summary Judgment, Whole Foods argues that it did not affirmatively create the unsafe condition that led to Ms. Hassanzadeh's injury and that Ms. Hassanzadeh must show that Whole Foods had actual or constructive notice of the unsafe condition (the spilled soup) when Ms. Hassanzadeh was injured. (Dkt. No. 24 at 6.) Ms. Hassanzadeh argues that Whole Foods affirmatively created the unsafe condition by placing

5

soup on the self-service food bar without mats on the floor around it. (Dkt. No. 32 at 3.) Because Whole Foods created the unsafe condition, Ms. Hassanzadeh argues that a foreseeability standard should apply. (*Id.*) Because Whole Foods should have known that customers would spill soup on the floor, Ms. Hassanzadeh argues that the risk of danger was foreseeable and Whole Foods had constructive notice of the defect. (*Id.*)

A store owner affirmatively creates an unsafe condition when the store owner's action is what causes the unsafe condition. *See Winn-Dixie*, 396 S.E.2d at 651. In *Winn-Dixie*, the plaintiff slipped on a snap bean while shopping in the produce section of a grocery store. *Id.* at 650. The snap beans were displayed loose in a shopping bin, and some employees had been concerned that they would fall out as a result of handling by customers. *Id.* The Supreme Court of Virginia found that, because "nothing in the record even suggest[ed] that anyone connected with [the defendant] placed the bean on the floor," the defendant did not affirmatively create the unsafe condition. *Id.* Therefore, the plaintiff had to prove that the defendant "had either actual or constructive notice of the bean's presence and failed to remove it." *Id.*

Like in *Winn-Dixie*, where employees worried that the snap beans would fall from their display as customers served themselves, Ms. Hassanzadeh argues that it was foreseeable that customers would spill soup on the floor. Also like in *Winn-Dixie*, where no facts suggested that a store employee placed the bean on the floor, in the case at bar, nothing in the record suggests that anyone connected with Whole Foods spilled the soup on the floor. Therefore, although it was foreseeable that someone could spill soup on the floor, Ms. Hassanzadeh has the burden of showing that Whole Foods had either actual or constructive notice of the soup spill and failed to clean it.

Ms. Hassanzadeh cites *Memco Stores, Inc. v. Yeatman* in support of her assertion that Whole Foods affirmatively created the unsafe condition. (Dkt. No. 32 at 4–5.) In *Yeatman*, the plaintiff slipped on the leaf of a peperomia plant which a store employee had recently moved to a display in the defendant's store. *Memco Stores, Inc. v. Yeatman*, 348 S.E.2d 228, 230 (Va. 1986). An expert witness testified that changes in location can cause the leaves of peperomia plants to fall off. *Id.* Because the defendant took the affirmative action of positioning the plant on the display, the Virginia Supreme Court found that the store affirmatively caused the dangerous condition and applied the foreseeability standard. *Id.* at 231.

Ms. Hassanzadeh also relies on *Jordan v. Food Lion, Inc.*, in which a customer slipped and fell on a puddle that had formed as a result of ice melting off of an apple cider display. *Jordan v. Food Lion, Inc.*, No. Civ.A. 3:98CV00115, 2001 WL 420365 at *1 (W.D. Va. Mar. 30, 2001). The court in *Jordan* denied the defendant's motion for summary judgment because a reasonable jury could find that "the defendant's affirmative act of positioning the ice on the apple cider display in a downward sloping fashion caused a foreseeable hazard of which the defendant should have been aware." *Id.* at *3.

Both *Yeatman* and *Jordan* are distinguishable from the case at bar. In *Yeatman* and *Jordan*, no actors other than the store employees were involved in creating the unsafe conditions because it was the displays themselves that created the unsafe conditions. However, in the case at bar, the soup did not spill on the floor because of the way that Whole Foods displayed it. It spilled on the floor because someone other than Whole Foods spilled it. Therefore, Whole Foods did not affirmatively create the unsafe condition, and Ms. Hassanzadeh has the burden of proving that Whole Foods had either actual or constructive notice of the spilled soup and failed to clean it.

There is no evidence that Whole Foods had actual notice of the spilled soup, and Ms. Hassanzadeh does not argue that it did. However, Ms. Hassanzadeh does suggest that, because the self-service soup area had not been inspected for twenty minutes prior to her fall, enough time had lapsed to give Whole Foods constructive notice of the spill.[4] (Dkt. No. 32 at 3.) Although the undisputed facts show that the area had not been inspected for twenty minutes, the record does not show, and Ms. Hassanzadeh does not claim to know, how long the soup was on the floor before Ms. Hassanzadeh slipped on it. Ms. Hassanzadeh also does not claim that the length of time between the spill and her accident is a disputed issue of material fact. Because Ms. Hassanzadeh cannot show how long the soup was on the floor before she slipped on it, she cannot show that Whole Foods had constructive notice that the soup had spilled, creating an unsafe condition. Because Ms. Hassanzadeh cannot show that Whole Foods affirmatively caused the soup to spill or that Whole Foods had actual or constructive notice of the spill, Whole Foods is entitled to judgment as a matter of law.

## V. CONCLUSION

Whole Foods did not affirmatively create the unsafe condition that caused Ms. Hassanzadeh's injury because it was someone other than Whole Foods, and not a Whole Foods employee or the soup display itself, that caused the soup to spill and created the unsafe condition that caused Ms. Hassanzadeh's injury. Because Whole Foods did not affirmatively create the unsafe condition, Ms. Hassanzadeh has the burden of showing that Whole Foods had actual or constructive notice of the unsafe condition before Ms. Hassanzadeh was injured. No facts

---

[4] Plaintiff states that Defendant's video shows that Plaintiff fell at approximately 11:08 a.m. and that Defendant's employees can be seen inspecting the self-service food area at approximately 10:53 a.m. (Dkt. No. 32 at 3.) This amounts to fifteen, not twenty minutes. However, Defendant's uncontested facts state that Plaintiff fell at approximately 12:08 p.m. (rather than 11:08 a.m.) and that Defendant's employees last inspected the area at 11:48 a.m., which amounts to twenty minutes (Dkt. No. 24 at 4.) Defendant's video shows that Plaintiff fell shortly after 12:00 p.m.

suggest, and Ms. Hassanzadeh does not claim, that Whole Foods had actual notice of the spill. Ms. Hassanzadeh cannot show that Whole Foods had constructive notice because there are no facts to show how long the soup was on the floor before Ms. Hassanzadeh's accident. Therefore, Ms. Hassanzadeh cannot meet her burden of showing actual or constructive knowledge. Because there is no genuine dispute as to any material fact and Whole Foods is entitled to judgment as a matter of law, this Court has granted Defendant Whole Foods Market Group, Inc.'s Motion for Summary Judgment.

                                                                                                           /s/
                                                                                                         Ivan D. Davis
                                                                                United States Magistrate Judge

January 14, 2016
Alexandria, Virginia